IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| FREDDY FAMBA<br>1201 Ward Street<br>Baltimore, Maryland, 21230<br><br>    Plaintiff,<br><br>    vs.<br><br>RITE AID OF MARYLAND, INC<br>2405 York Road., Suite 201<br>Lutherville Timonium, Maryland, 21093<br><br>Served on:<br>Resident Agent<br>THE CORPORATION TRUST INCORPORATED<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland, 21093<br><br>    Defendant. | Case No.: _____ |

## COMPLAINT & JURY DEMAND

**NOW COMES**, plaintiff Freddy Famba, by and through his undersigned attorneys, George A. Rose, Esquire, and Rose Law Firm, LLC, and files this complaint & jury demand against the aforementioned defendant, and in support thereof states:

### I. PRELIMINARY STATEMENT

1.  This is action for declaratory, injunctive, monetary and other appropriate relief against defendant, Rite Aid of Maryland, Inc. The plaintiff, Mr. Freddy Famba, seek to redress intentional violations by Defendant of rights secured to him by the laws of the United States and the statutory and/or common law of the State of Maryland.  This action arises under, Title I of the

Americans with Disabilities Act, as amended, 42 U.S.C.A §§ 12101 et seq. ("ADA"), and Title 20 of Maryland's State Government Article ("Title 20").

## II. PARTIES

2.      At all times relevant hereto, plaintiff Mr. Freddy Famba (hereinafter "Plaintiff" or "Mr. Famba") is a person residing at 1201 Ward Street, Baltimore, Maryland 21230, and has been a resident of the State of Maryland.

3.      At all times relevant hereto, Defendant Rite Aid of Maryland, Inc., (hereinafter "Defendant"), is a corporation, incorporated in the State of Maryland, with its principal office at 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093.  Defendant is engaged in the business of operating pharmacies and convenient stores throughout Maryland.

## III.     JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132(e), all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

5.      This Court has jurisdiction over Plaintiff's claims under the statutory laws of the State of Maryland pursuant to its supplemental jurisdiction as codified at 28 U.S.C. § 1367.

## IV.     VENUE

6.      Venue is proper in this district under 28 U.S.C. *§1391(a)(2),* and *§1391(b)(2)* because Defendant is located in this district and the events or omissions giving rise to this claim occurred in this district.  Also, venue is proper in this district because the alleged unlawful employment practices were committed in this district, the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district, and Defendant has its principal office in this district.

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On or about January 23, 2018, Mr. Famba filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission (EEOC). On or about September 19, 2018, Mr. Famba received a Notice of Right To Sue letter from the EEOC Mr. Famba has, therefore, exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

## VI.     FACTUAL ALLEGATIONS PERTINENT TO ALL COUNTS

8. In 2002 Rite Aid hired Mr. Freddy Famba as a stocker. Throughout his employment, Mr. Famba has performed his duties and assignments as a stocker satisfactorily.

9. On or about June 10, 2017, Mr. Famba became seriously and suddenly ill with "Acute Cholecystitis complicated by an ileas." Mr. Famba required urgent surgery to treat the condition. Mr. Famba immediately communicated this to Rite Aid and submitted a request for leave from his employment pursuant to the FMLA. Mr. Famba's FMLA request was approved from June 12, 2017 through to July 14, 2017.

10. After Mr. Famba completed surgery and was discharged from the hospital on June 23, 2017, his doctors or medical services providers determined that Mr. Famba would need some time for post-operative treatment and healing. Consequently, Mr. Famba requested or applied for additional leave of absence and/or non-FMLA medical leave, which was approved by Rite Aid from July 14, 2017 through to September 11, 2017.

11. On September 12, 2017, Mr. Famba returned to work. Upon returning to work, Mr. Famba presented a required Rite Aid RTW Assessment Form, (hereinafter "RTWAF"). The form indicated that Mr. Famba was medically cleared to return to work with restrictions of "no lifting greater than 40lbs for 4 weeks with full clearance expected 10/12/17." The RTWAF was reviewed

and signed by Mr. Famba's supervisor, Antione Nelson, who promptly assigned Mr. Famba to work in an area called "RX", a unit in the replenishment department where Mr. Famba was a stocker and forklift driver. Within two hours of working in the RX area, lifting boxes or other heavy objects, Mr. Famba began feeling pain to his suture site and having shortness of breath. Mr. Famba alerted his supervisors and was sent off work to the hospital. Mr. Famba was seen by clinicians at UMH-Adult ER Department for Right upper quadrant abdominal pain. He was given clearance to return to work, September 14, 2017 with restrictions of no lifting greater than 10lbs & light duty until September 28, 2017.

12. On September 14, 2017, Mr. Famba returned to work with medical clearance to work with restrictions of "no lifting greater than 10lbs & light duty until September 28, 2017". However, when Mr. Famba presented his return to work clearance, he was immediately told by his superior that he would not be able to return to work with any restrictions. Consequently, Mr. Famba was forced to request leave of absence. On October 6, 2017 Mr. Famba was referred for therapy by Dr. Jose Diaz, MD, who diagnose Mr. Famba with "acute postprocedural pain; strain of muscle, fascia and tendon of abdomen subsequent encounter."

13. On October 10, 2017, Mr. Famba was medically cleared to return to work on October 12, 2017, with a "six (6) weeks restriction until 12/12/17". The restriction stated, "no heaving lifting more than 35lbs; increase rest; breaks, compensation". Mr. Famba returned to work on October 12, 2017 and presented his medical clearance with work restrictions to his superiors. However, his superiors refused and denied Mr. Famba the opportunity to return to work, stating that he would not be assigned to work until he is cleared for work without any restrictions.

14. On December 12, 2017 Mr. Famba was medically cleared to return to work. Mr. Famba's doctor did not clear Mr. Famba to return to work without medical restrictions, because

Mr. Famba was never allowed to return to work on the prior attempts and his doctor could not assess or evaluate his post-surgery healing and recovery in the context of Mr. Famba's job duties. Consequently Mr. Famba was returned to work on December 12, 2017, on a 3-month restriction with limitation on "bending, stooping, Weight-bearing lifting". The restriction stated, "no heavying lifting more than 35lbs from 12/12/17 – 3/12/18." Again, Mr. Famba's superiors refused and denied Mr. Famba the opportunity to return to work, again stating that he would not be assigned to work until he is cleared for work without any medical restrictions.

15. On or about January 5, 2018, Defendant fired Mr. Famba from his job as a stocker with Defendant. Defendant claim that Mr. Famba fail to submit a form to extend his leave.

### VII. COUNT I
### (Disability Discrimination in Violation of the ADA)

16. Mr. Famba is disabled, as defined by the Americans with Disabilities Act (ADA). In June 2017 Mr. Famba suffers from "Acute Cholecystitis complicated by an ileas." This caused him to become incapacitated, or substantially limited in one or more major life activities, until September 2017. Additionally, Mr. Famba was perceived to be a disabled person by Defendant. However, Mr. Famba is otherwise qualified to perform the essential functions of his job as a stocker.

17. Mr. Famba is an employee within the meaning of the ADA.

18. Defendant violated the ADA by intentionally discriminating against plaintiff on the basis of his disability or perceived. Defendant treated similarly situated employees more favorable that Plaintiff, by allowing similarly situate employees, without a disability, reasonable work accommodations.

19. As a direct and proximate result of Defendant's acts and/or omissions, Mr. Famba lost wages and benefits, and suffered damages at the hands of Defendant, including, but not limited

to, humiliation, embarrassment, and unnecessary stress and anxiety, emotional distress, and mental anguish, for which Defendant is required by law to provide a remedy.

## VIII.  COUNT TWO
**(Failure to Accommodate in Violation of the ADA)**

20. Mr. Famba incorporates all preceding and following paragraphs hereto, as though fully set forth herein.

21. Defendant discriminated against Mr. Famba by failing to provide Mr. Famba a light duty assignment each time Mr. Famba was medically cleared to return to work with a request for light duty for a limited time period. With the reasonable accommodations Mr. Famba could have performed the essential functions of his job. Defendant however refused to consider any reasonable accommodation. This also denied Plaintiff and his doctor the opportunity to assess Plaintiff's recovery during employment.

22. Mr. Famba's medical documentation shows that Mr. Famba, at all times pertinent hereto, was qualified to perform the essential functions of his job with or without the reasonable accommodation(s).

23. As a direct and proximate result of Defendant's acts and/or omissions, Mr. Famba lost wages and benefits as well suffered damages, but not limited to, humiliation, embarrassment, and unnecessary stress and anxiety, emotional distress, and mental anguish, for which the Defendant is required by law to provide a remedy.

## IX.  COUNT THREE
**(Disability Discrimination in Violation of Title 20)**

24. Mr. Famba incorporates all preceding and following paragraphs hereto, as though fully set forth herein.

25.	Defendant violated Title 20 by intentionally discriminating against plaintiff on the basis of his disability.  Defendant's discriminatory acts include the termination of Mr. Famba's employment on January 5, 2018.

26.	As a direct and proximate result of Defendant's acts and/or omissions, Mr. Famba lost wages and benefits as well as suffered damages including, but not limited to, humiliation, embarrassment, and unnecessary stress and anxiety, emotional distress, and mental anguish, for which the Defendant is required by law to provide a remedy.

## X.     COUNT FOUR
**(Failure to Provide Reasonable Accommodation in Violation of Title 20)**

27.	Mr. Famba incorporates all preceding and following paragraphs hereto, as though fully set forth herein.

28.	Defendant violated Title 20 by failing to provide reasonable accommodation of allowing Mr. Famba to perform light duties for a limited period post-surgery. However, Defendant did not make these accommodations for Mr. Famba, when such reasonable accommodations would not cause financial or undue hardship on the Defendant.

29.	As a direct and proximate result of Defendant's acts and/or omissions, Mr. Famba lost wages and benefits as well as suffered damages including, but not limited to, humiliation, embarrassment, and unnecessary stress and anxiety, emotional distress, and mental anguish, for which the Defendant is required by law to provide a remedy.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Mr. Famba prays that this court enter judgment in Mr. Famba's favor and grant Mr. Famba the maximum relief allowed by law, including, but not limited to:

(a) compensatory damages of Three Hundred Thousand Dollars ($500,000.00);

(b) back pay and front pay;

(c) punitive damages against Defendant;

(d) a declaration that Defendant's actions violated Title 20 of the ADA; and

(e) attorney's fees, costs both pre-judgment and post-judgment interest, and any such other relief as are just and equitable under the circumstances.

## XII.  JURY DEMAND

Plaintiff requests a trial by jury on all issues and counts stated herein.

Respectfully Submitted,

By:

*/s/ George Rose*

_____
George A. Rose, Esquire #26086
Rose Law Firm, LLC
200 E. Lexington Street, Suite 1305
Baltimore, MD  21202
Telephone: 410-727-7555
Facsimile: 443-320-0962
Email: grose@roselawfirm.net

Attorneys for *Plaintiff Freddy Famba*